UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ALAA ALADIN CHKIR,  
    Plaintiff

vs

BRENDAMOUR MOVING  
& STORAGE, INC., et al.,  
    Defendants

Case No. 1:09-cv-787  
Dlott, J.  
Hogan, M.J.

**ORDER**

    Plaintiff, an inmate at the Federal Correctional Institution in Ashland, Kentucky, brings this action pro se against Cincinnati, Ohio residents Brendamour Moving & Storage, Inc., Mike Brendamour, and Lynn A. Grau, and Fenton, Missouri residents Unigroup Worldwide, UTS, Inc., Michele Robbins, Cindy Gallow, and Mayflower Transit, LLC. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

    In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To

prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii); 1915A(b)(1). Plaintiff's pro se complaint must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Plaintiff's complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson,* 551 U.S. at 93 (citations omitted); *Wysong v. Dow Chemical Co.*, 503 F.3d 441, 446 (6th Cir. 2007), and provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The

standard for plausibility is not akin to a "probability requirement," but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly,* 550 U.S. at 556). Thus, when "a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (citing *Twombly*, 550 U.S. at 557) (internal quotations omitted)).

The complaint alleges that plaintiff is a "Syrian/American citizen" who was born in Damascus, Syria. Plaintiff alleges that after living in the United States for thirteen years with his wife and two children, he decided to move his family back to Syria to pursue a business venture. Plaintiff contracted with the defendants to ship his furniture, appliances, electronics and personal possessions from Cincinnati to Syria for $23,000.00. In December 2007, plaintiff paid Brendamour Moving & Storage, Inc. $23,000.00 using three different credit cards. In January 2008, Brendamour retrieved and transported plaintiff's property to Brendamour's warehouse pending plaintiff's anticipated departure to Syria in March 2008. Plaintiff alleges that defendant Brendamour notified the Evandale, Ohio Police Department of "suspicious activity" involving plaintiff and his wife. In turn, the Evandale Police notified federal authorities who investigated. Two days before their scheduled departure date, plaintiff and his wife were arrested by the Department of Homeland Security. Plaintiff and his wife were subsequently charged with conspiracy to commit bank fraud. *See United States v. Alaa Aladin Chkir*, Case No. 1:08-cr-21 (S.D. Ohio). Plaintiff pled guilty and was sentenced to 27 months imprisonment and three years of supervised release, and was ordered to pay restitution in the amount of $96,360.07. *Id*. (Doc. 40). Plaintiff alleges that his personal property remained in defendants' possession at the

warehouse during the pendency of his criminal case and that defendants charged plaintiff excessive storage fees without his knowledge or consent. He also alleges that the moving company charged him for delivery of furniture and other items to his home without advising him of the cost. The storage and other fees were subsequently deducted by the moving company from the $23,000.00 already paid by plaintiff, leaving a balance of $11,763.12. Plaintiff requested a refund of the balance, but defendants have failed to return the money despite plaintiff's repeated requests. The complaint alleges that defendants caused plaintiff and his family to lose employment in Syria and to pay an excessive amount for storage and other fees. As relief, plaintiff seeks compensatory and punitive damages.

In this case, plaintiff has failed to assert any claim with an arguable basis in law over which this Court has subject matter jurisdiction. To the extent plaintiff may be seeking to invoke the diversity jurisdiction of the Court, his complaint reveals such jurisdiction is lacking. A district court has jurisdiction over a suit between citizens of a State and citizens or subjects of a foreign state when the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Plaintiff fails to allege facts showing his claim satisfies the $75,000.00 amount-in-controversy requirement for this Court's exercise of diversity jurisdiction.

In determining the amount in controversy, the Court "should consider the amount alleged in a complaint and should not dismiss a complaint for lack of subject matter jurisdiction unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount." *Massachusetts Casualty Ins. Co. v. Harmon*, 88 F.3d 415, 416 (6th Cir. 1996)

(quotation omitted); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). In applying the legal certainty test, courts have found that where the applicable state law barred the type of damages sought by the plaintiff then more than the jurisdictional amount could not be recovered to a legal certainty. *See Sellers v. O'Connell*, 701 F.2d 575, 579 (6th Cir. 1983); *Wood v. Stark Tri-County Building Trades Council*, 473 F.2d 272, 274 (6th Cir. 1973) (citing *Vance v. Vandercook Co.*, 170 U.S. 468 (1898); *Parmalee v. Ackerman*, 252 F.2d 721 (6th Cir. 1958)).

In this case, the complaint fails to allege the amount in controversy exceeds the $75,000.00 jurisdictional amount. The complaint alleges facts from which the Court could infer that plaintiff, if successful on his breach of contract action, could recover an amount of compensatory damages of not more than $23,000.00, the amount paid by plaintiff to defendants under the contract. To meet the jurisdictional amount to confer diversity jurisdiction, therefore, plaintiff would have to recover at least $52,000.00 in punitive damages. However, as explained below, it appears to a legal certainty that plaintiff cannot obtain punitive damages in this matter.

Plaintiff essentially alleges a cause of action for breach of contract. However, under Ohio law punitive damages are not recoverable on a claim for breach of contract. *See Klusty v. Taco Bell Corp.*, 909 F. Supp. 516, 522 (S.D. Ohio 1995) (collecting cases); *Saberton v. Greenwald,* 146 Ohio St. 414, 426, 66 N.E.2d 224, 229 (1946); *Ketcham v. Miller*, 104 Ohio St. 372, 136 N.E. 145 (1922). Furthermore, punitive damages may not be awarded on a claim for breach of contract "irrespective of the motive on the part of the defendant and no matter how willful the breach." *Kruse v. Vollmar*, 83 Ohio App.3d 378, 386, 614 N.E.2d 1136, 1141-1142

(1992) (citing *Digital & Analog Design Corp. v. North Supply Co.*, 44 Ohio St.3d 36, 45-46, 540 N.E.2d 1358, 1366-1367 (1989)).  *See also Saberton*, 146 Ohio St. at 426, 66 N.E.2d at 229; *Ketcham*, 104 Ohio St. at 377-78, 136 N.E. at 146.  The exception to the rule prohibiting the recovery of punitive damages on a breach of contract claim is when the actions giving rise to the breach of contract also constitute a separate, willful tort. *Spalding v. Coulson*, 104 Ohio App.3d 62, 78, 661 N.E.2d 197, 207 (1995).  *See also PTG Logistics, LLC v. Bickel's Snack Foods, Inc.*, 196 F. Supp.2d 593, 607 (S.D. Ohio 2002) (punitive damages are not available in an action for breach of contract except when pled in connection with a separate tort arising from the breach) (citing *R & H Trucking, Inc. v. Occidental Fire & Cas. Co.*, 2 Ohio App.3d 269, 441 N.E.2d 816, 819 (1981)).  Punitive damages for the independent, willful tort may be recovered on a showing of malice. *Spalding*, 104 Ohio App.3d at 78, 661 N.E.2d at 207.  *See also Kruse*, 83 Ohio App.3d at 386, 614 N.E.2d at 1141-1142; *Ali v. Jefferson Ins. Co.*, 5 Ohio App.3d 105, 107, 449 N.E.2d 495, 497-498 (1982); *Sweet v. Grange Mut. Cas. Co.*, 50 Ohio App.2d 401, 406-407, 364 N.E.2d 38, 41-42 (1975).  "Actual malice consists of either a state of mind characterized by hatred, ill will or a spirit of revenge or a conscious disregard for the rights and safety of others which results in a strong probability of substantial harm to the affected persons." *Spalding*, 104 Ohio App.3d at 78, 661 N.E.2d at 207. *See also Arthur Young & Co. v. Kelly*, 88 Ohio App.3d 343, 352, 623 N.E.2d 1303, 1308-1309 (1993).  Likewise, punitive damages may be awarded in tort cases upon a showing of fraud or insult. *Ali*, 5 Ohio App.3d at 107, 449 N.E.2d at 497-498.

Although the complaint in the instant case contains allegations of breach of contract, plaintiff has failed to plead any facts showing actual malice or fraud.  Plaintiff has failed to

allege, and the Court is unable to discern from the complaint, any misrepresentations made by the defendants upon which plaintiff relied to his detriment for purposes of a common law fraud claim. *See Russ v. TRW, Inc.*, 59 Ohio St.3d 42, 49, 570 N.E.2d 1076, 1083 (1991). Nor has plaintiff alleged any facts tending to show the existence of an independent tort which would justify an award of punitive damages in this case.[1] Accordingly, it appears to a legal certainty that plaintiff cannot in good faith claim the jurisdictional amount because there is no basis in Ohio law for the recovery of punitive damages in this case. Therefore, the Court lacks subject matter jurisdiction on the basis of diversity of citizenship.

In addition, the Court lacks subject matter jurisdiction on the basis of a federal question. District courts have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, plaintiff must allege facts showing his claim arises under federal law. A case arises under federal law when an issue of federal law appears on the face of a well-pleaded complaint. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

---

[1] The complaint fails to state a claim for conversion under Ohio law because such an action "requires that the defendant have an obligation to deliver specific money as opposed to merely a certain sum of money." *NPF IV, Inc. v. Transitional Health Services*, 922 F. Supp. 77, 82 (S.D. Ohio 1996) (citing *Haul Transport of VA, Inc. v. Morgan*, No. CA 14859, 1995 WL 328995, at *4 (Ohio App. 2nd Dist. June 2, 1995) (no conversion where defendant not contractually obligated to remit specific funds collected to the plaintiff as opposed to paying plaintiff money generally, or to hold collected funds in trust)). "An action alleging conversion of cash lies only where the money involved is 'earmarked' or is specific money capable of identification, *e.g.*, money in a bag, coins or notes that have been entrusted to the defendant's care, or funds that have otherwise been sequestered, and where there is an obligation to keep intact and deliver this specific money rather than to merely deliver a certain sum." *Haul Transport,* 1995 WL 328995 at * 4. *See also Wiltberger v. Davis*, 110 Ohio App.3d 46, 55, 673 N.E.2d 628, 634 (10th App. Dist. 1996) (noting that the current authority in Ohio holds that generally there can be no cause of action for conversion of money).

Plaintiff's complaint fails to allege any claims under federal law. Even if the complaint is liberally construed as asserting a violation of plaintiff's civil rights, the complaint nevertheless fails to state a claim for relief. Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 389 (1971), the Supreme Court held that a plaintiff could bring a cause of action against a federal agent "acting under color of his authority" for damages due to the agent's unconstitutional actions. To state a claim for relief under *Bivens*, plaintiff must allege facts showing defendants acted under color of federal authority and personally deprived plaintiff of his constitutional rights. *Mueller v. Gallina,* 137 Fed. Appx. 847, 850 (6th Cir. 2005) (citing *Browning v. Clinton,* 292 F.3d 235, 250 (D.C. Cir. 2002); *Gossmeyer v. McDonald,* 128 F.3d 481, 495 (7th Cir.1997)).

In this case, plaintiff has not alleged facts showing defendants acted under color of federal law. "Providing information to the police, responding to questions about a crime, and offering witness testimony at a criminal trial does not expose a private individual to liability for actions taken 'under color of law.'" *Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009) (citations omitted).[2] Thus, to the extent plaintiff's complaint suggests that defendants provided false or misleading information to the police concerning plaintiff's "suspicious activities," that action in itself fails to show the individual defendants acted under color of law for purposes of a viable *Bivens* claim.

In addition, the Supreme Court has declined to extend *Bivens* to actions for damages

---

[2]The analysis employed in cases involving violations of 42 U.S.C. § 1983 is equally applicable to claims under *Bivens*. *See Hays v. Jefferson County, Ky.,* 668 F.2d 869, 874 (6th Cir. 1982); *see also, Ruff v. Runyon,* 258 F.3d 498, 502 (6th Cir. 2001).

8

against private *entities* acting under color of federal law. *See Correctional Servs. Corp. v. Malesko,* 534 U.S. 61, 63 (2001). Therefore, the corporate defendants named by plaintiff cannot be held liable for a civil rights violation under *Bivens*.

The Court cannot discern any other possible federal claim stemming from plaintiff's allegations. Therefore, this Court lacks original federal question jurisdiction over plaintiff's complaint.

Accordingly, the Court concludes that plaintiff's complaint is subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B) for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3), and for failure to state a claim for relief under federal law. The complaint is hereby **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED.**

    S/Susan J. Dlott
    Susan J. Dlott, Chief Judge
    United States District Court